## BERWALD, Recr etc v SUMMIT PARK REALTY CO et

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 9547. Decided June 10, 1929

Garfield, Cross, MacGregor, Daoust, and Baldwin, Cleveland, for Berwald.

Suggs, Garber and Howard D. Burnett, Cleveland, for Realty Co.

### LEVINE, J.

In support of the validity of the Burnett mortgage we are cited to the case of **Coggshall v The Marine Banking Co., 63 OS. 89** wherein it is held that the interest of a vendor under a land contract is not that of a mere naked trustee for a vendee but he holds not only the land title but a beneficial estate in the lands to the extent of unpaid purchase money.

As will be seen from the syllabus and the opinion, all that the case holds is that in an action by a judgment creditor to marshall liens and sell attached property to satisfy the judgment, the interest of the vendor under his lien for the unpaid purchase money may be reached. The law applicable to this case is fully settled in the case of **Yeager vs Harvey, 48 OS. 335.**

We are referred to the letter of Burberry dated Dec. 26, 1925 wherein he spoke of two mortgages on the property. This is explained away by the statement that because the different notes secured by the same first mortgage were held in different hands Burberry referred to the same as "two mortgages." This letter of Dec. 26, 1925, written by Burberry, is the strongest evidence adduced in favor of Burnett to the effect that Burberry knew of the existence of the second mortgage on Dec. 26, 1925, but in view of the explanation given as to the use of the phrase "two mortgages" and the positive evidence on the part of Burberry that he did not know of the existence of the second mortgage to Burnett until the matter came up in the common pleas court in 1925, there is not in our opinion sufficient evidence to show that knowledge came to Burberry of the

existence of the second mortgage long before suit was filed.

Under the laws as set down in Yaeger vs Harvey supra, the vendee of a land contract must be protected as to all money paid by him under his land contract until either actual notice comes to him of the existence of the second mortgage or such information as would lead a person of ordinary prudence to diligent inquiry which would discover the fact of the existence of the second mortgage. No such showing is made of record and it is our opinion that as to money actually paid under the land contract by Burberry that he has a prior lien to the claim of the second mortgagee.

As to the money spent by Burberry in improvements since he entered into possession of the house and lot, this was his voluntary act and was not done by virtue of the land contract which he entered into with The Summit Park Realty Co., for the purchase of the land. In our opinion no prior lien attaches in his favor as to this money spent by him in improvements. A decree will be granted in favor of Burberry giving him a prior lien to that of the second mortgagee as to all monies paid by him under the land contract. A decree will be drawn accordingly.

Vickery, PJ, and Sullivan, J, concur.